IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**ROBERT SCHUTT,**

Plaintiff,

v.

**SOLAREN RISK MANAGEMENT, LLC**,
*a Tennessee Limited Liability Company,* and
**JACK BYRD III,** Individually,

Defendants.

Civil Case No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Robert Schutt ("Plaintiff") brings this action against Solaren Risk Management, LLC., and Jack Byrd III ("Defendants") and alleges as follows:

### I.  INTRODUCTION

1. This lawsuit is brought against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover damages owed to Plaintiff.

### II.  JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29, 29 U.S.C. § 215(a)(3) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by Defendants in this district during all times material to this action. Moreover, Defendants regularly conducted and continue to conduct business in this district, and have engaged in FLSA violations in this district during all material times in this cause.

1

## III. PARTIES

4. Plaintiff Robert Schutt is an adult citizen of the United States and worked as a security guard for Defendants during all times relevant to this action.

5. Defendant, Solaren Risk Management, LLC, ("Defendant Solaren") is a Tennessee limited liability company with its principal address listed as 1000 Pleasant Grove Place, Suite 300, Mt. Juliet, Tennessee 37122-3781. Defendant Solaren can be served with process through its registered agent: Jack K. Byrd III, 1000 Pleasant Grove Place, Suite 300, Mount Juliet, Tennessee, 37122-3781.

6. Defendant, Jack Byrd III ("Defendant Byrd"), is the CEO and owner of Defendant Solaren and can be served with process at 1000 Pleasant Grove Place, Suite 300, Mount Juliet, Tennessee, 37122-3781.

7. Defendant Byrd exercised control over the terms and conditions of Plaintiff's employment, including compensation and scheduling. As such, he has been a joint employer with Defendant Solaren as that term is defined by the FLSA and is equally liable to Plaintiff for all FLSA violations alleged herein.

## IV. COVERAGE

8. Plaintiff has been an "employee" of Defendants, as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit.

9. Defendant Solaren Risk Management, LLC. has been an enterprise engaged in commerce and in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 during all times material to this Complaint.

10. At all times material to this action, Defendants have been subject to the requirements of the FLSA because they are an enterprise in interstate commerce and in the production of goods in interstate commerce, and their employees have been engaged in interstate commerce on its behalf.

## V. FACTUAL ALLEGATIONS

11. Defendants own and operate a private security business that delivers unarmed and armed security services, off-duty police services and traffic control services for commercial and governmental clients in the Nashville, Tennessee and surrounding areas – according to their website.

12. Plaintiff Robert Schutt worked as a security guard for Defendants during all times relevant to this action.

13. Plaintiff filed his consent to join and opted into *Jordhamo et al. v. Solaren Risk Management, LLC, et al.* 3:24-cv-00968 ("Jordhamo lawsuit"), currently pending in the Middle District of Tennessee. The Jordhamo lawsuit challenges the classification of Plaintiff and others similarly situated as independent contractors who are exempt from overtime.

14. Shortly after joining the Jordhamo lawsuit, Plaintiff received a phone call from Adam Bailey, who is often referred to as Defendant Jack Byrd's "right-hand man." Mr. Bailey stated that if Plaintiff had joined the Jordhamo lawsuit against Defendants Solaren Risk Management, LLC, and Jack Byrd, "there would be trouble" for him.

15. Before the Plaintiff joined the Jordhamo lawsuit, he was working an average of 70 hours per week and was paid an hourly rate ranging from $35.00 to $40.00.

16. Within days of Plaintiff joining the Jordhamo lawsuit, his hours were reduced to 25 hours per week, and his pay was cut to $25.00 an hour.

## COUNT I
## PLAINTIFF'S FLSA RETALIATION CLAIM

17. Plaintiff, incorporates by reference all preceding paragraphs as fully as written herein.

18. Plaintiff's scheduled hours and rate of pay were unlawfully reduced by Defendants in retaliation for joining *Jordhamo et al. v. Solaren Risk Management, LLC, et al.* 3:24-cv-00968, currently pending in the Middle District of Tennessee.

19. Shortly before his scheduled hours and pay were reduced, Plaintiff filed his consent to join and opted into *Jordhamo et al. v. Solaren Risk Management, LLC, et al.* 3:24-cv-00968.

20. Plaintiff filing his consent and opting into *Jordhamo et al. v. Solaren Risk Management, LLC, et al.* 3:24-cv-00968 was a protected activity under 29 U.S.C. § 215(a)(3).

21. Defendants violated 29 U.S.C. § 215(a)(3) by reducing the scheduled hours and rate of pay of Plaintiff in retaliation for engaging in activity protected under the FLSA.

22. Defendants had no other basis to reduce the scheduled hours and rate of pay of Plaintiff but for exercising his protected rights under 29 U.S.C. § 215(a)(3).

23. Plaintiff's termination was connected to his protected activity in that his scheduled hours and rate of pay was reduced soon after he filed his consent to join and opted into *Jordhamo et al. v. Solaren Risk Management, LLC, et al.* 3:24-cv-00968.

24. Defendants were aware of Plaintiff's protected activity before reducing his scheduled hours and rate of pay.

25. As a result of the unlawful retaliation Plaintiff has suffered monetary damages (lost wages both present and future) and other legal and equitable damages.

26. Defendants' conduct was willful and in reckless disregard to clearly established FLSA

provisions.

## **PRAYER FOR RELIEF**

WHEREAS, Plaintiff requests this Court to grant the following relief against Defendant:

A. On Count I, a ruling that Plaintiff was unlawfully retaliated against in violation of 29 U.S.C. § 215(a)(3).

B. On Count I, an award of liquidated damages to Plaintiff for being unlawfully retaliated against in violation of 29 U.S.C. § 215(a)(3).

C. On Count I, an award of legal and equitable damages to Plaintiff for being unlawfully retaliated against in violation of 29 U.S.C. § 215(a)(3).

D. On Count I, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff;

E. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff.

F. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **TRIAL BY JURY** on all issues so triable.

Dated: March 12, 2025,          Respectfully Submitted,

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
Joshua Autry (TN BPR #41423)
**JACKSON, SHIELDS, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jleatherwood@jsyc.com*
*jautry@jsyc.com*

***ATTORNEYS FOR PLAINTIFF***